77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald GEE, Plaintiff--Appellant,
v.
Terry CAMPBELL, Defendant--Appellee.
 No. 95-3273.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the court dismissing pro se petitioner's civil rights complaint brought pursuant to 42 U.S.C.1983 on the grounds that the petitioner had failed to bring this action within the appropriate statute of limitations period. Petitioner alleges that the district court erred in failing to apply a tolling statute or equitable tolling in his case because petitioner alleges that he did not have effective access to the courts. We AFFIRM.
 
 
 3
 Appellant alleges that he was denied his right of access to the courts while he was incarcerated in Leavenworth County Jail, Leavenworth, Kansas, from April 22, 1988, to December 30, 1989. The record in this case contains no supporting evidence other than the allegations in the complaint that would support the denial of effective access to the courts.
 
 
 4
 The district court correctly determined that the applicable statute of limitations for a civil rights action filed pursuant to 42 U.S.C.1983 in the district court in Kansas is the Kansas statute applying to "actions for injury to the rights of another." K.S.A. 60-513(a)(4). Petitioner's claims were not filed until July 10, 1995. The record contains no evidence that would support the application of either the tolling statute or equitable tolling. We therefore agree with the district court that the applicable Kansas statute of limitations which was to be applied in this case required that the actions be filed within two years and that petitioner's claims are now time-barred.
 
 
 5
 We GRANT in forma pauperis status, GRANT the certificate of probable cause, and AFFIRM the order of the district court for substantially the reasons given by the district court.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3